### MOORE v. TAYLOR.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. COSTS—APPEAL FROM JUSTICE—ERROR OF LAW.

To give a justice jurisdiction of the person of defendant, not appearing, the return of the constable must be before him, so that, having adjourned the case without such return, the error of the justice requiring reversal of his judgment is one of law, which, under Code Civ. Proc. § 3066, entitles defendant to costs of course.

2. JUSTICES—ADJOURNMENT—LOSING JURISDICTION.

A justice who adjourns a case for more than eight days, as authorized by Code Civ. Proc. §§ 2959, 2960, loses jurisdiction.

Appeal from Trial Term, Suffolk County.

Action by Catherine Moore against Joseph Taylor. From the part of a judgment reversing a judgment for plaintiff which denied costs to defendant, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Harry M. Howell, for appellant.
George F. Stackpole, for respondent.

HOOKER, J. The County Court of Suffolk county reversed the judgment of the justice of the peace, and the defendant appeals from that portion thereof which denied costs upon the reversal. The court below erred, we think, in holding that the error of the justice requiring the reversal was one of fact. Had the error been of that character, under section 3066, subd. 2, of the Code of Civil Procedure, the costs were in its discretion; but the error was one of law, and under the other provisions of that section the appellant was entitled to his costs of appeal.

The summons was seasonably served, and was returnable on the 14th of June, 1901. The defendant not appearing on that day, and it being inconvenient for the plaintiff to proceed to prove her case, an adjournment was had until the 28th day of June, 1901. In order to give the justice jurisdiction of the person of the defendant, it was necessary for the return of the constable to be produced, before any further step could be taken by the justice. The fair inference to be drawn from the return on the appeal, and the admission of the counsel for the respondent in his brief, is that the return of the constable was not before the justice at the time of the adjournment by him on the application of the plaintiff, but that it was handed to the justice

¶ 2. See Justices of the Peace, vol. 31, Cent. Dig. § 193.

after the adjournment on the 14th of June, 1901. The justice was without jurisdiction in the absence of a return to him by the constable. Section 2885 of the Code of Civil Procedure provides, in part, as follows:

"A constable, who serves a summons, must, at or before the time when the same is returnable, make and deliver to the justice a written return thereof, under his hand, stating the time when, and the manner in which, he served it."

This presented an error of law, requiring a reversal of the judgment of the justice, with costs.

Another and equally serious error was committed by the justice in adjourning the case for longer than eight days on plaintiff's application. Section 2959 of the Code of Civil Procedure provides that at the time of the return of the summons the justice may, in his discretion, and upon his own motion, adjourn the trial of the action not more than eight days; and the following section provides that at the time of the return of the summons the justice may, upon the application of the plaintiff, adjourn for not more than eight days, to a time fixed by the justice. These are the only provisions of the statute which permit an adjournment in justice's court upon the return day in the absence of appearance on the part of the defendant. The record clearly shows that the adjournment as made was unauthorized, and the justice divested himself of jurisdiction, and was without power to render a judgment on the 28th of June. This was error in law, and the appellant was entitled to a reversal by the County Court, with costs.

That portion of the judgment of the County Court appealed from must therefore be modified, with costs in the County Court and with costs of this appeal to the appellant. All concur.